1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

KIMBERLY ELLSWORTH-
GLASMAN,

CASE NO. 15-cv-05085 JRC

11

Plaintiff,

ORDER ON PLAINTIFF'S
COMPLAINT

12

v.

13

14

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

15

Defendant.

16

17      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18  Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19  Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States

20  Magistrate Judge, Dkt. 4). This matter has been fully briefed (*see* Dkt. 11, 12, 13).

21      After considering and reviewing the record, the Court concludes that the ALJ

22  erred in discounting the opinion of Dr. Deborah Smith, M.D., without providing any

23  specific and legitimate reasons supported by substantial evidence. Had Dr. Smith's

24

opinion been accepted, then the residual functional capacity ("RFC") would have included additional limitations, and because these additional limitations may have affected the ultimate disability determination, the error is not harmless.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

BACKGROUND

Plaintiff, KIMBERLY ELLSWORTH-GLASMAN, was born in 1967 and was 39 years old on the alleged date of disability onset of August 1, 2007 (*see* AR. 195-201). Plaintiff has a college degree in speech communications (*see* AR. 44). Plaintiff has work history as a hairdresser, receptionist, retail developer consultant, special events marketing director and promotions coordinator (AR. 249-57). Plaintiff left her last full-time position to have spinal surgery (*see* AR. 45-46).

According to the ALJ, through the date last insured, plaintiff has at least the severe impairments of "cervical spondylosis status post fusion; depression, attention deficit hyperactivity disorder (ADHD); obsessive-compulsive disorder (OCD); and pain disorder (20 CFR 404.1520(c))" (AR. 17).

At the time of the hearing, plaintiff lived with her husband and their two children (*see* AR. 41).

PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration (*see* AR. 91-100, 102-114). Plaintiff's requested hearing was held before

Administrative Law Judge Joanne E. Dantonio ("the ALJ") on June 3, 2013 (*see* AR. 37-89). On July 26, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 12-36).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ erred when she rejected the medical opinions of treating psychiatrist Deborah Smith, M.D.; (2) Whether or not the ALJ erred when she rejected the medical opinion of examining psychologist Dan Neims, Psy.D.; (3) Whether or not the ALJ provided legitimate reasons for finding plaintiff not credible; (4) Whether or not the ALJ provided reasons germane to Betsy O'Brien for rejecting her lay evidence; and (5) Whether or not this matter should be remanded for payment of benefits (*see* Dkt. 11, p. 1). Because this Court reverses and remands the case based on issue 1, the Court need not further review other issues and expects the ALJ to reevaluate the record as a whole in light of the direction provided below.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

//

//

<u>DISCUSSION</u>

(1)     **Whether or not the ALJ erred when she rejected the medical opinions of treating psychiatrist Deborah Smith, M.D.**

Plaintiff contends that the ALJ erred by giving little weight to the opinion of treating psychiatrist Dr. Smith. (*see* Opening Brief, Dkt. 11, pp. 3-11). On December 14, 2012, Dr. Smith opined that when plaintiff's conditions are considered in combination with her chronic pain symptoms, the "resulting limitations are such that she would not be able to sustain any exertional level of activity on a consistent and reliable basis" (AR. 819).

"A treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record." *Edlund v. Massanari*, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at *14 (9th Cir. 2001) (*citing* Social Security Ruling ("SSR") 96-2p, 1996 SSR LEXIS 9); *see also Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). When the decision is unfavorable, it must "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the [] opinion and the reasons for that weight." SSR 96-2p, 1996 SSR LEXIS 9 at *11-*12. However, "'[t]he ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted.'" *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*quoting Magallanes v. Bowen*, 881 F.2d 747, 751 (9th

Cir. 1989)). In addition, "[a] physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been" discounted properly. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (*quoting Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989) (*citing Brawner v. Sec. HHS*, 839 F.2d 432, 433-34 (9th Cir. 1988))). However, like all findings by the ALJ, a finding that a doctor's opinion is based largely on a claimant's own accounts of his symptoms and limitations must be based on substantial evidence in the record as a whole. *See Bayliss, supra*, 427 F.3d at 1214 n.1 (*citing Tidwell, supra*, 161 F.3d at 601).

When evaluating the weight to be given to a treating doctor, if the ALJ does not give controlling weight to the treating source's opinion, the ALJ will "apply the factors listed in paragraphs [20 C.F.R. § 404.1527](c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs [20 C.F.R. § 404.1527](c)(3) through (c)(6) of this section in determining the weight to give the opinion." 20 C.F.R. § 404.1527(c)(2). Such factors include the length of the treatment relationship; the frequency of examination; the nature and extent of the treatment relationship; supportability of the opinion; consistency of the opinion; specialization of the doctor; and, other factors, such as "the amount of understanding of [the] disability programs and their evidentiary requirements." 20 C.F.R. § 404.1527(c).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d

418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But when a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes, supra*, 881 F.2d at 751).

In addition, the ALJ must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey, supra*, 849 F.2d at 421-22). But, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

In general, more weight is given to a treating medical source's opinion than to the opinions of those who do not treat the claimant. *Lester, supra*, 81 F.3d at 830 (*citing Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). According to the Ninth Circuit, "[b]ecause treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinion of other physicians." *Smolen, supra*, 80 F.3d at 1285 (*citing Rodriguez v.*

1    *Bowen*, 876 F.2d 759, 761-762 (9th Cir. 1989); *Sprague v. Bowen*, 812 F.2d 1226, 1230

2    (9th Cir. 1987)). On the other hand, an ALJ need not accept the opinion of a treating

3    physician, if that opinion is brief, conclusory and inadequately supported by clinical

4    findings or by the record as a whole. *Batson, supra*, 359 F.3d at 1195 (*citing Tonapetyan*

5    *v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)); *see also Thomas v. Barnhart*, 278 F.3d

6    947, 957 (9th Cir. 2002).

7          Here, the ALJ gave Dr. Smith's statement little weight because Dr. Smith based

8    her opinion on exertional physical limitations but had not treated plaintiff for physical

9    symptoms, and because plaintiff's "very active lifestyle" showed that her functioning was

10   greater than what she reported to Dr. Smith (*see* AR. 28). Neither of these reasons is

11   specific, legitimate, and supported by substantial evidence.

12         First, the ALJ's explanation that Dr. Smith's opinion was based on physical

13   limitations though she had not treated plaintiff for physical symptoms shows a

14   misunderstanding of the diagnosis of pain disorder. The ALJ found that plaintiff had the

15   severe impairment of pain disorder (AR. 17). Dr. Smith concurred with the diagnosis of

16   pain disorder made by Dr. Daniel Neims, Psy.D., stating that the disorder was "associated

17   with both psychological factors and a general medical condition" (*see* AR. 819-20).

18   According to the Diagnostic and Statistical Manual of Mental Disorders, the diagnostic

19   criteria for pain disorder are:

20         A.     Pain in one or more anatomical sites is the predominant focus of the
              clinical presentation and is of sufficient severity to warrant clinical
21            attention.

22

23

24

B.      The pain causes clinically significant distress or impairment in
social, occupational, or other important areas of functioning.

C.      Psychological factors are judged to have an important role in the
onset, severity, exacerbation, or maintenance of the pain.

D.      The symptoms or deficit is not intentionally produced or feigned (as
in Factitious Disorder or Malingering).

E.      The pain in not better accounted for by a Mood, Anxiety, or
Psychotic Disorder and does not meet criteria for Dyspareunia.

(AR. 304).

As plaintiff's treating psychiatrist, Dr. Smith had the relationship and the medical

expertise to assess and concur with Dr. Neims' diagnosis of pain disorder. Dr. Smith

believed that plaintiff honestly reported her symptoms, stating that she had seen no

indication of any malingering behavior (*see* AR. 820). While the ALJ claims that Dr.

Smith did not review the medical evidence in the file (*see* AR. 28), Dr. Smith's earliest

treatment notes demonstrate her awareness of plaintiff's physical medical history,

including her C4-C7 fusion and resulting treatment (*see, e.g.,* AR. 499, 503). Dr. Smith

acknowledged in her statement that she had not treated plaintiff for her physical

conditions but opined that the physical impairments for which plaintiff had been treated

elsewhere, combined with the psychological factors she personally observed, limited

plaintiff's ability to function (*see* AR. 820). Therefore, the ALJ's rejection of this opinion

because Dr. Smith had not treated plaintiff for physical symptoms is not legitimate in this

case.

Second, an ALJ may discredit a physician's opinion if it contradicts a claimant's

testimony about her daily activities. *See Morgan, supra*, 169 F.3d at 601-02 (upholding

rejection of physician's conclusion that claimant suffered from marked limitations in part on basis that other evidence of claimant's ability to function, including reported activities of daily living, contradicted that conclusion). Here, the ALJ did not specifically list which activities were inconsistent with Dr. Smith's opinion, stating only that plaintiff's "very active lifestyle demonstrates that the claimant's functioning is … greater than what she reported to Dr. Smith" (AR. 28). However, even inferring that the ALJ believes Dr. Smith's opined limitations are inconsistent with plaintiff's ability to care for her children and the home, work out, vacation and visit friends, and attend school meetings and her children's sporting events – as outlined elsewhere in the opinion (*see* AR. 28) – none of these time-limited activities necessarily contradict Dr. Smith's opinion that plaintiff cannot "sustain any exertional level of activity on a *consistent* and reliable basis" necessary for full-time employment (*see* AR. 819) (emphasis added).

Moreover, plaintiff reported these activities to Dr. Smith over the course of her treating relationship, so Dr. Smith's medical opinion was informed by this information (*see, e.g.,* AR. 483, 503, 756). For the ALJ to decide that Dr. Smith's opinion is contradicted by plaintiff's activities is an improper substitution of the ALJ's own opinion for that of a physician. *See Gonzalez Perez v. Secretary of Health and Human Services*, 812 F.2d 747, 749 (1st Cir. 1987) (ALJ may not substitute own opinion for findings and opinion of physician).

Also, insofar as the ALJ was implying that Dr. Smith's opinion was based on plaintiff's self-reports, that assertion is not supported by substantial evidence. In her statement, Dr. Smith outlines that in her treating relationship with plaintiff, she had

become familiar with plaintiff's previous treatments, made her own observations and treatment recommendations, and reviewed a recent psychological evaluation (*see* AR. 818-20). Moreover, Dr. Smith's treatment notes reveal numerous mental status examinations of her own and other objective assessments (*see, e.g.,* AR. 753-59). Further, neither defendant nor the ALJ presented any evidence demonstrating that Dr. Smith relied more heavily on plaintiff's self-reports than the objective evidence. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) ("[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion.") (*citing Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008)). Therefore, the ALJ had no specific and legitimate reasons supported by substantial evidence to discount Dr. Smith's opinion.

Finally, defendant argues that the ALJ rejected Dr. Smith's opinion for the specific and legitimate reason that Dr. Smith "did not indicate any particulars as to how these conditions affect the claimant's mental functioning" (*see* Defendant's Brief, Dkt. 12, pp. 6-7; AR. 28). However, this statement by the ALJ was in the context of discussing Dr. Smith's opinion of plaintiff's conditions as treated, not her opinion of plaintiff's abilities when considered in combination with plaintiff's chronic pain (*see* AR. 28). The ALJ later acknowledges that Dr. Smith's ultimate opinion was that plaintiff's physical impairments and psychological pain disorder combine to limit plaintiff from being able to sustain any exertional level of activity on a consistent and reliable basis (*see id.*).

Defendant also argues that Dr. Smith's opinion regards an issue reserved to the Commissioner (*see* Defendant's Brief, Dkt. 12, p. 7). First of all, the ALJ never stated

that she was rejecting the opinion for that reason, making this argument an improper *post hoc* rationalization (*see* AR. 28). *See Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.") (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency"). Regardless, Dr. Smith states a limit on the exertional level of activity of which plaintiff is capable on a consistent basis; this is not a determination of disability reserved for the Commissioner. *See Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (doctor's opinion that it was unlikely that the claimant could sustain full-time competitive employment is not a conclusion reserved to the Commissioner, but is "an assessment based on objective medical evidence of [the claimant's] likelihood of being able to sustain full-time employment").

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina, supra*, 674 F.3d at 1115 (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.*

1 (*quoting Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008))

2 (other citations omitted). Here, because the ALJ improperly discounted Dr. Smith's

3 opinion in forming the RFC and plaintiff was found to be capable of performing work

4 based on that RFC, the error affected the ultimate disability determination and is not

5 harmless.

6     The Court may remand this case "either for additional evidence and findings or to

7 award benefits." *Smolen, supra*, 80 F.3d at 1292. Generally, when the Court reverses an

8 ALJ's decision, "the proper course, except in rare circumstances, is to remand to the

9 agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587,

10 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear

11 from the record that the claimant is unable to perform gainful employment in the national

12 economy," and that "remand for an immediate award of benefits is appropriate." *Id.*

13 Here, the outstanding issue is resolving the conflicts in the medical opinion evidence

14 even if Dr. Smtih's opinion is credited as true. Accordingly, remand for further

15 consideration is warranted in this matter.

16     Because this will require a reevaluation of the case, the Court need not examine

17 the remaining issues raised by plaintiff on appeal.

18 CONCLUSION

19     Based on these reasons and the relevant record, the Court **ORDERS** that this

20 matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

21 405(g) to the Acting Commissioner for further consideration consistent with this order.

1    **JUDGMENT** should be for plaintiff and the case should be closed.

2    Dated this 31st day of July, 2015.

3

4                                        _____
                                         J. Richard Creatura
5                                        United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24