UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIMBERLY ELLSWORTH-GLASMAN,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CASE NO. 15-cv-5085-JRC<br><br>ORDER ON PLAINTIFF'S CONTESTED MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 3; Consent to Proceed Before a United States Magistrate Judge, ECF No. 4). This matter comes before the Court on plaintiff's contested motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (hereinafter "EAJA") (*see* ECF Nos. 17-21).

Subsequent to plaintiff's success at obtaining a reversal of the decision of the Social Security Administration, defendant Acting Commissioner challenged plaintiff's request for statutory attorney's fees on the grounds that defendant's position in this matter was justified in substance and had a reasonable basis in fact and law.

Because this Court disagrees, and because the requested fees are reasonable, plaintiff's motion for statutory fees should be granted.

## BACKGROUND and PROCEDURAL HISTORY

On July 31, 2015, this Court issued an Order reversing and remanding this matter for further consideration by the Administration (*see* ECF No. 15).

The Court found that the ALJ failed to properly evaluate the medical evidence submitted by treating psychiatrist Dr. Deborah Smith, M.D. (*see id.*, pp. 4-11). This matter was reversed pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration due to the harmful error in the evaluation of Dr. Smith's opinion (*see id.*, pp. 12-13).

Subsequently, plaintiff filed a motion for EAJA attorney's fees, to which defendant objected (*see* ECF Nos. 17, 20). Defendant asserts that the Court should not award attorney's fees under the EAJA because defendant's position was substantially justified (ECF No. 20). Plaintiff filed a reply (*see* ECF No. 21).

## STANDARD OF REVIEW

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . . unless the court finds that the position of the United States was

substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert. denied*, 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (*citing Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, then it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley, supra*, 461 U.S. at 433, 436-37.

DISCUSSION

In this matter, plaintiff clearly was the prevailing party because she received a remand of the matter to the Administration for further consideration (*see* Order on Complaint, ECF No. 15). In order to award a prevailing plaintiff attorney fees, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B).

The Court notes that the fact that the Administration did not prevail on the merits does not compel the conclusion that its position was not substantially justified. *See Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988)) (*citing Oregon Envtl. Council v. Kunzman*, 817 F.2d 484, 498 (9th Cir. 1987)). The Court also notes that when determining the issue of substantial justification, the Court reviews only the "issues that led to remand" in determining if an award of fees is appropriate. *See Toebler v. Colvin*, 749 F.3d 830, 834 (9th Cir. 2014)).

The Supreme Court has squarely addressed the meaning of the term "substantially justified." *See Pierce v. Underwood*, 487 U.S. 552, 564-68 (1988). The Court concluded that "as between the two commonly used connotations of the word 'substantially,' the one most naturally conveyed by the phrase before us here is not 'justified to a high degree,' but rather 'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person." *Id.* at 565. The Court continued, noting that the stated definition "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." *Id.* (citations omitted).

In addition, as stated by the Ninth Circuit, a "substantially justified position must have a reasonable basis both in law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (*citing Pierce v. Underwood*, *supra*, 487 U.S. at 565; *Flores, supra*, 49 F.3d at 569). The Court is to focus on whether or not the Administration was substantially justified in taking its original action; and, in defending the validity of the action in court. *Id.* at 1259 (*citing Kali*, *supra*, 854 F.2d at 332). However, "if 'the

government's underlying position was not substantially justified,'" the Court must award fees and does not have to address whether or not the government's litigation position was justified. *See Toebler*, *supra*, 749 F.3d at 832 (*quoting Meier v. Colvin,* 727 F.3d 867, 872 (9th Cir. 2013)).

Although defendant discusses again arguments regarding the merits of the underlying matter, the Court concludes that defendant has not demonstrated that the reason for the reversal of this case concerned an issue with respect to which reasonable minds could differ (*see* Response, ECF No. 20). Therefore, the Court will address whether or not defendant was substantially justified in taking its original action; and, in defending the validity of the action in court, *see Gutierrez*, *supra*, 274 F.3d at 1259 (*citing Kali*, *supra*, 854 F.2d at 332); and, if the "substantially justified position [] ha[s] a reasonable basis both in law and fact." *See Gutierrez*, *supra*, 274 F.3d at 1258 (citations omitted).

Here, the Court concluded that the ALJ erred by failing to provide specific and legitimate reasons supported by substantial evidence for discrediting the opinion of Dr. Smith (*see* ECF No. 15, p. 7). First, the Court found that the ALJ's rejection of Dr. Smith's opinion regarding physical limitations because she had not treated plaintiff for physical symptoms showed "a misunderstanding of the diagnosis of pain disorder" (*see id.*). Contrary to the ALJ's assertion, Dr. Smith had reviewed plaintiff's physical medical history and, seeing no indication of malingering behavior, had the relationship as plaintiff's treating psychiatrist to assess and concur with the diagnosis of pain disorder, in which psychological factors have an important role in the pain experienced (*see id.*, p. 8).

Second, the Court found that, even inferring from the ALJ's opinion which activities she found contradictory to Dr. Smith's opinion though they were not listed, substantial evidence did not support that reason for discrediting the opinion (*see id*., p. 9). Specifically, the Court noted that Dr. Smith had knowledge of plaintiff's lifestyle and still found her not to be capable of any exertional level of activity on a consistent basis (*see id*.). The ALJ finding a contradiction where Dr. Smith did not was an improper substitution of her own lay opinion under those circumstances (*see id*.).

Based on the above stated errors, the Court reversed and remanded the ALJ's decision (*see id*., pp. 12-13). Discounting a physician's opinion without proper justification is a "basic and fundamental" error. *Shafer v. Astrue*, 518 F.3d 1067, 1071-72 (9th Cir. 2008). Absent special circumstances, which defendant has failed to show exist in this case, "the defense of basic and fundamental errors . . . is difficult to justify." *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998).

Defendant reiterates arguments regarding the merits of the underlying issue and argues that the ALJ's position had a reasonable basis because Dr. Smith's opinion was inadequately supported by clinical findings (*see* ECF No. 20, p. 3). Defendant also argues that the record supports the reasonableness of the ALJ's finding that plaintiff's activities were inconsistent with Dr. Smith's opinion (*see id.*, p. 4). However, as discussed above, the ALJ's first reason was not legitimate within the context of plaintiff's diagnosis, and the ALJ's second reason was an improper substitution of her own lay opinion because Dr. Smith had the same information about plaintiff's activities. Thus, defendant's arguments are not persuasive, and the Court concludes that defendant has not demonstrated that the

sole reason for the reversal of this case was regarding an issue with respect to which reasonable minds could differ.

The ALJ's decision was unsupported by substantial evidence and based on legal error given her failure to state legally sufficient reasons to support the decision to deny benefits. The Court concludes that with respect to the ALJ's decision and the Administration's defense of said decision before this Court regarding the conclusive issue herein, the Administration's position was not substantially justified. The Court also concludes that there are no special circumstances which render an EAJA award in this matter unjust. Accordingly, the Court will award plaintiff attorney's fees under the EAJA.

Therefore, all that remains is to determine the amount of a reasonable fee. *See* 28 U.S.C. § 2412(b); *Hensley, supra*, 461 U.S. at 433, 436-37; *see also Roberts v. Astrue*, 2011 U.S. Dist. LEXIS 80907 (W.D. Wash. 2011), *adopted by* 2011 U.S. Dist. LEXIS 80913 (W.D. Wash. 2011).

Once the court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley, supra*, 461 U.S. at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley, supra*, 461 U.S. at 433.

Here, plaintiff prevailed on the single claim of whether or not the denial of her social security application was based on substantial evidence in the record as a whole and

not based on harmful legal error. When the case involves a "common core of facts or will be based on related legal theories . . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *See Hensley, supra*, 461 U.S. at 435. The Supreme Court concluded that where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.*

The Court concludes based on a review of the relevant evidence that the plaintiff here obtained excellent results. Therefore, the Court will look to "the hours reasonably expended on the litigation," which, when combined with the reasonable hourly rate, encompasses the lodestar. *See Hensley, supra*, 461 U.S. at 435. Other relevant factors identified in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) "usually are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate."[1] *See Hensley, supra*, 461 U.S. at 434 n.9 (other citation omitted); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors); *Stevens v. Safeway*, 2008 U.S. Dist. LEXIS 17119 at *40-*41 (C.D. Cal. 2008) ("A court employing th[e *Hensley* lodestar method of the hours reasonably expended multiplied by a reasonable hourly rate] to determine the amount of an attorney's fees award does not directly consider the multi-factor test developed in

---

[1] The *Johnson* factors are: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson, supra*, 488 F.2d at 717-19) (citations omitted); *see also United States v. Guerette*, 2011 U.S. Dist. LEXIS 21457 at *4-*5 (D. Hi 2011) ("factors one through five have been subsumed" in the determination of a number of hours reasonably expended multiplied by a reasonable rate); *but see City of Burlington v. Dague*, 505 U.S. 557 (1992) (rejecting factor 6 of contingent nature of the fee).

*Johnson*, *supra*, 488 F.2d at 717-19, and *Kerr*, *supra*, 526 F.2d at 69-70"); *but see Goodwin v. Astrue*, 2012 U.S. Dist. LEXIS 97651 at *10-*12, *14-*20 (W.D. Wash. 2012) (applying *Johnson* factors), *adopted by* 2012 U.S. Dist. LEXIS 97650 (W.D. Wash. 2012). These guidelines are consistent with Washington Rules of Professional Conduct 1.5.

Given the facts and circumstances of the matter herein, and based on the briefing, declarations and attorney time sheet, the Court concludes that the amount of time incurred by plaintiff's attorney in this matter is reasonable.

Specifically, following a review of plaintiff's request, the Court finds reasonable plaintiff's request for expenses in the amount of $20.07 and for attorney's fees in the amount of $5,197.23, representing 27.4 hours of work, for a total award of $5,217.30.

## CONCLUSION

Plaintiff's request for $20.07 in expenses is granted pursuant to the EAJA, 28 U.S.C. § 2412.

In addition, costs in the amount of $400 are awarded to plaintiff pursuant to 28 U.S.C. § 1920.

Finally, plaintiff is awarded $5,197.23 in attorney's fees, representing 27.4 hours of work, for a total award of $5,217.30, pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at ***6-***7 (2010).

Plaintiff's award is subject to any offset allowed pursuant to the Department of Treasury's Offset Program. *See id.* at 2528. The checks for EAJA fees and expenses and

for costs shall be mailed to plaintiff's counsel, Stephen A. Maddox, Esq., at Maddox & Laffoon, P.S., 410-A South Capitol Way, Olympia, WA 98501.

Dated this 16th day of November, 2015.

J. Richard Creatura
United States Magistrate Judge

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 10